

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00182-CR

_____

CHRISTOPHER ALAN RAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,784

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On conviction by a jury of aggravated sexual assault of a child and indecency with a child by sexual contact, Christopher Alan Ray was sentenced to twenty-five years' and five years' confinement, respectively. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2015), § 21.11 (West 2011). Ray appeals.

Ray's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Ray and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief. Ray filed a pro se response in which he (1) pointed out impeachment evidence, (2) alleged witness and prosecutorial bias, (3) alleged that the victim's mother is very angry and is seeking retaliation against him, (4) pointed to credibility issues with the victim's testimony, (5) pointed to credibility issues with the expert witness testimony, (6) pointed out that his counsel was retained, not appointed, (7) claimed that the jury was denied evidence in response to one of their questions,

(8) stated that he was not read his rights until after he was put in jail, and (9) stated that he was not read his rights prior to an interview with law enforcement.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record, as well as Ray's pro se brief, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:      May 13, 2016
Date Decided:        May 20, 2016

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.